UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

Kevin M. Quatrevingt      Plaintiff      CIVIL ACTION:
62114 Warrior Dr. LaCombe, La 70445
v.

Randy Thibodeaux, in his official
    and individual capacities,
Charlie Craddock, in his official
    and individual capacities,
Jack Strain, Sheriff of St. Tammany Parish
    in his official capacity,
Parish of St. Tammany, Louisiana
Bruce Dearing, in his official
    and individual capacities.
Scott Gardner in his official
    and individual capacities
Walter Reed, District Attorney of 22nd Judicial District
        Defendants

10-4047
SECT. N MAG. 3

---

INTRODUCTION

Kevin Quatrevingt ["Quatrevingt"] of Louisiana hereby asserts the following claims against the defendants in the above-entitled action:

(1) violation of 42 U.S.C. 1983: arrest,

(2) violation of 42 U.S.C. 1983: detention and confinement,

(3) violation of 42 U.S.C. 1983: CONSPIRACY

(4) violation of 42 U.S.C. 1983: refusing or neglecting to prevent,

(5) malicious prosecution,

(6) malicious abuse of process,

(7) false arrest and imprisonment,

(8) conspiracy

(9) intentional infliction of emotional distress,

JURISDICTION

1. Jurisdiction of this court arises under 42 U.S.C. secs. 1983, 1985, 1986, and 1988;

___Fee _Pauper_
___Process _____
_x_ Dktd _____
___CtRmDep_____
___Doc. No._____

PARTIES

3. Plaintiff Kevin Quatrevingt ["Quatrevingt"] is a natural person residing at 62114 Warrior Dr. Lacombe, La 70445, St. Tammany Parish, Louisiana, United States of America; was a resident of Louisiana during all relevant times of this action.

4. Defendant Randy Thibodeaux ["Thibodeaux"], who is a natural person, a Jefferson Parish Sheriffs Office Detective, formerly a St. Tammany Parish Sheriff's Office Detective with Officer ID number 1614, was a resident of St. Tammany Parish, Louisiana, United States of America at all times relevant to this Complaint.

5. Defendant Charlie Craddock ["Craddock"], who is a natural person, a St. Tammany Parish Sheriff's Office Detective with Officer ID number 007, was a resident of St. Tammany Parish, Louisiana, United States of America at all times relevant to this Complaint

6. Defendant Jack Strain, who is a natural person residing in St. Tammany Parish, Louisiana, United States of America, and the duly-appointed Sheriff of St. Tammany Parish, Louisiana, at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of police policies, procedures, and practices in St. Tammany Parish.

7. Defendant St. Tammany Parish is a Municipal Corporation, organized under the laws of the State of Louisiana. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Officer Thibodeaux, Officer Craddock, and Sheriff Strain at all times relevant to this Complaint. .

8. Defendant Bruce Dearing, who is a natural person, was a resident of St. Tammany Parish, Louisiana, United States of America, and an Assistant District Attorney in the 22nd Judicial District Attorney's Office at all times relevant to this Complaint.

9. Defendant Scott Gardner, who is a natural person, was a resident of St. Tammany Parish, Louisiana, United States of America, and an Assistant District Attorney in the 22nd Judicial District Attorney's Office at all times relevant to this Complaint.

10. Defendant Walter Reed a resident of St. Tammany Parish, Louisiana, United States of America, and the District Attorney of the 22nd Judicial District, Louisiana, at all times relevant to this Complaint. He is and has been responsible for the promulgation and implementation of policies, procedures, and practices in the St. Tammany Parish District Attorney's Office.

11. Plaintiff sues all public employees in their official and individual capacities.

12. At all times material to this Complaint, Defendants Officer Thibodeaux, Officer Craddock, Sheriff Strain, ADA Dearing, ADA Gardner, and DA Reed, acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Louisiana, St. Tammany Parish, and the St. Tammany Parish Sheriff's Department.

FACTS

13. On January 24, 2006 Kevin Quatrevingt pled guilty to possession of 16 images of minors engaged in sexually explicit acts or poses, and was sentenced to 8 months of military confinement.

14. In October 2006, Kevin Quatrevingt completed Sex Offender Registration documents, and was released from military confinement. Quatrevingt went home to St. Tammany Parish, Louisiana, United States of America

15. On or about 31 October 2006, evidence custodian Mike Franks, U.S. Army Criminal Investigations Division (CID), Fort Leonard Wood, Missouri, released evidence seized in the previous trial of Kevin Quatrevingt. The evidence was mailed via USPS to Kevin Quatrevingt.

16. On an unknown date, Quatrevingt began looking through the items that had been returned to him. The laptop had been cleansed of all child pornography, according to the military, prior to being returned. Quatrevingt discovered on one CD-Rom, the same images he had previously pled guilty to possessing. Quatrevingt contacted his mother who met up with him and watched him destroy the CD and Quatrevingt deleted the images from the hard drive of his laptop.

17. On 27 April 07 Detectives Randy Thibodeaux and Charlie Craddock issued police reports alleging Quatrevingt assaulted a young girl and this led to an investigation of his status as a Sex Offender.

18. Detective Thibodeaux alleges, under oath in an affidavit for arrest warrant, he "verified from all said agencies" [the Louisiana State Attorney General's Office, the Louisiana Sex Offender Registry Office, and the St. Tammany Parish Sheriff's Office] "that Kevin had not registered as a sex offender, as of 05/03/2007". Later it was determined Kevin Quatrevingt had been registered with all three agencies and also the Federal Bureau of Investigations on 21 October 2006 (approximately 6 months before).

19. An arrest warrant was issued on 03 May 07 violation of LA R.S. 15:542 Failure to Register as a Sex Offender, based on Dtc. Thibodeaux's false allegation that he verified Quatrevingt had not registered. Additionally a Search Warrant was issued for Quatrevingt's residence.

20. In April 2007, several Police officers, including Randy Thibodeaux, entered Quatrevingt's Residence, and performed a search of the premises. They seized photos, notebooks, magazines, CD-Roms, and a Laptop computer. The evidence was taken to the custodian and the Laptop was sent to the FBI Computer Analysis Response Team (CART) for electronic review. On the same day Dtc. Thibodeaux notified Paul Quatrevingt, a St. Tammany Parish Sheriff's Deputy and brother of Plaintiff Kevin Quatrevingt, that his house was searched and certain items seized. Thibodeaux also notified Dty. Quatrevingt that his brother had an arrest warrant. Dty. Quatrevingt contacted Kevin Quatrevingt and advised him of said warrant. On 07 May 07 Kevin Quatrevingt went to the Sheriffs Complex to discuss the facts with Dtc. Thibodeaux and was thereby arrested on the attached warrants.

21. On May 07 2007, Quatrevingt was charged with Simple Assault and Failure to Register as a Sex Offender. He was booked and released a day later on a signature bond.

22. On 21 May 2007 the FBI CART unit collected Quatrevingt's Laptop,

23. On 27 June 2007 police obtained a search warrant for evidence seized from Quatrevingt's residence.

24. On 7 Sep 07 FBI coordinated with U.S. Army CID examiner who confirmed the hash values of 2 images matched images from the CID Report of Investigation.

25. On 4 Oct 07 Dr. Scott Benton advises police 2 of the 23 images in question are child pornography.

26. On 5 October 07 Dtc. Thibodeaux, request an arrest warrant for violation of LA R.S. 14:81.1 Pornography involving juveniles. In the affidavit, Dtc. Thibodeaux states, under oath, "FBI Special Agent Lawrence Robinson verified through the military's original forensic examiner that the images were not the same as the images which led to Kevin Quatrevingts prior conviction." This contradicts the findings of FBI

Special Agent Robinson and that of the original forensic examiner. He further omits that the images were found in an inaccessible part of the hard drive indicating they had been deleted. Deleting the images is an affirmative defense and thus omitting this fact is a major issue to be reviewed.

27. On 5 Oct 07, an arrest warrant was issued for LA R.S. 14:81.1 Pornography involving juveniles, based on Dtc. Thibodeaux's false claims that the images found were not the same as the images Quatrevingt was previously convicted for. Quatrevingt was arrested that night and questioned. Quatrevingt advised Dty Mathew Lewis that the images had been returned to him by the Army CID and that he had deleted them and destroyed the disk. Quatrevingt was taken to jail and booked. He was given a 500,000 bond and remained jailed for 1 year 1 month and 19 days.

28. On 9 Oct 07 the FBI released its findings in a written report stating clearly that "Floyd responded that two (2) files MD5 hashes provided by SA Robinson matched files previously found on Quatrevingt's computer and on a CD." This was released after Thibodeaux alleged the FBI advised him they were not the same images.

29. On 21 Nov 07, Dtc. Thibodeaux received a copy of a four-page evidence custody document. According to the document, Quatrevingt was returned 29 compact discs.

30. From 5 Oct 07 until release, 3 attorneys for Quatrevingt showed ADA Dearing and ADA Gardner evidence located in the district attorneys office discovery file, showing that Quatrevingt did in fact receive the images from the military and that they were destroyed. ADA Dearing and Gardner ignored this information and refused to dismiss the charges against Quatrevingt unless he pled guilty to the failure to register. ADA Dearing and Gardner also refused to lower the bond amount on Quatrevingt until he pled guilty to the failure to register.

31. On 24 Nov 08 Quatrevingt was released from jail.

32. On 28 Oct 09 the state dismissed the charges on Quatrevingt.

33. Between 28 Oct 09 and present Quatrevingt has continuously tried to find the truth of what happened and finally instituted a Congressional review to determine the facts. Upon determining the truth of the matter Quatrevingt began seeking legal guidance and was unable to find anyone to assist him. Quatrevingt submits this complaint, pro se, from a template, having been unable to find legal assistance. Quatrevingt request this Honorable court advise him of any errors and allow the opportunity to address and correct any errors after the filing of this complaint.

### COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: ARREST

34. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

36. Acting under the color of law, Defendants worked a denial of Quatrevingts rights, privileges or immunities secured by the United States Constitution or by Federal law, 2 to wit,

[2] Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); McNamara v. Honeyman, 406 Mass. 43, 52 (1989).

> (a) by depriving Quatrevingt of his liberty without due process of law, by taking him into custody and holding him there against his will,[3]

3 County of Sacramento v. Lewis. 523 U.S. 833 (1998); Youngberg v. Romeo, 457 U.S. 307, 315 (1982); Williams v. Hartman, 413 Mass. 398, 403 (1992).

**(b)** by making an unreasonable search and seizure of his property without due process of law,

**(c)** by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Quatrevingt equal protection of laws,

**(d)** by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.4

4 Miga v. Holyoke, 398 Mass. 343, 349, 350 (1986) (deprivation of pretrial detainee's substantive due process rights where state seeks to impose punishment without a constitutional adjudication of guilt). Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).

37. Quatrevingt registered with law-enforcement agencies on 21 October 2006.

38. On 27 April 07 Defendants Randy Thibodeaux and Charlie Craddock signed police reports stating that Thibodeaux had verified Quatrevingt did not register as a sex offender prior to 4/27/07 and that he further assaulted a young girl. Defendants alleged in a complaint to the court that the simple assault compounded with the failure to register gives them probable cause to search Quatrevingts home and further arrest him for failure to register as a sex offender.

39. Quatrevingt was registered with all the agencies Dtc. Thibodeaux alleges he verified registration with. Therefore the complaint requesting the search warrant contained knowingly false and misleading statements to the magistrate thereby voiding the warrant issued based on false and misleading statements.

Franks vs. Delaware 438 U. S. 155 If, after a hearing, a defendant establishes by a preponderance of the evidence that the false statement was included in the affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause, then the search warrant must be voided, and the fruits of the search excluded from the trial to the same extent as if probable cause was lacking on the face of the affidavit. Pp. 155-156.

40. As a result of the unlawful and malicious arrest by Defendants Thibodeaux and Craddock, Quatrevingt was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983. He was further subject to unreasonable search and seizure of his property without due process of law.

41. Defendants Sheriff Strain, and St. Tammany Parish, negligently trained Defendants Thibodeaux and Craddock.

42. There was no legally valid warrant for the arrest of plaintiff on 04/27/07 by Dtc Thibodeaux and Craddock. The arrest was without reasonable grounds for said Defendants to believe Quatrevingt had committed an offense and Defendants knew they were without probable cause to arrest Quatrevingt.

WHEREFORE, Plaintiff request judgment for the false arrest against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $75,000 and further request judgment against each of said Defendants, jointly and severally, for punitive damages5 in the amount of $40,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

6 "Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights). Smith v. Wade, 461 U.S. 30, 50-51 ((1983); Clark v. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, *supra* at 355

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

43. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 42 above with the same force and effect as if herein set forth.

44. As a result of their **concerted unlawful and malicious detention and confinement** of Quatrevingt, Defendants Officer Thibodeaux and Officer Craddock deprived Quatrevingt of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff request judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special, compensatory damages in an amount of 75,000 and further request judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $40,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

45. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. As a result of their **concerted unlawful and malicious conspiracy** of Defendants Craddock Thibodeaux, Dearing and Gardner, Quatrevingt was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

WHEREFORE, Plaintiff request judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $75,000 and further request judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $40,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 4: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

47. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 46 above with the same force and effect as if herein set forth.

47. At all times relevant to this Complaint, Defendants Officer Thibodeaux and Officer Craddock as police officers of the St. Tammany Parish Sheriffs Office were acting under the direction and control of Defendant Sheriff Jack Strain, and Defendant St, Tammany Parish. At All times relevant to this Complaint, Defendants ADA Scott Gardener and ADA Bruce Dearing were acting under the direction and control of St. Tammany Parish District Attorney Walter Reed and the St. Tammany Parish District Attorneys Office.

48. Acting under color of law and pursuant to official policy or custom, Sheriff Jack Strain and the St. Tammany Parish Sheriffs Office knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

> (a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,
>
> (b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,
>
> (c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Massachusetts; and
>
> (d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

49. Defendants Sheriff Jack Strain and the St. Tammany Parish Sheriffs Office had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Sheriff Jack Strain and the St. Tammany Parish Sheriffs Office had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

50. Defendants Sheriff Jack Strain and the St. Tammany Parish Sheriffs Office directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

51. As a direct and proximate cause of the negligent and intentional acts of Defendants Sheriff Jack Strain, and the St. Tammany Parish Sheriffs Office as set forth in paragraphs 47-50 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff request judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $75,000 and further request judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $40,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 5: MALICIOUS PROSECUTION

52. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 51 above with the same force and effect as if herein set forth.

53. Defendants instituted criminal process against the plaintiff with malice:

> (a) Defendants, Randy Thibodeaux and Charlie Craddock played an active part in the initiation of the criminal proceedings in that they knowingly alleged false and misleading statements to a magistrate judge and further omitted factual events which would show a lack of probable cause that a crime had been committed.
> (b) Defendants Gardner and Dearing played an active part in the initiation of the criminal proceedings in that they instituted a bill of information against Quatrevingt.

(c) Officers Thibodeaux and Craddock played an active part in the initiation of the criminal proceedings by arresting and causing the false imprisonment of Quatrevingt and

(d) Officer Thibodeaux signed the criminal complaints against Quatrevingt.

54. The charges were not based upon probable cause, that is, the complaint contained knowingly false and misleading statements and factual omissions which would show that Quatrevingt had not committed a crime.

55. Defendants Gardner and Dearing were made aware of the false statements and factual ommisions and continued to press the prosecutions in order to cover the mistakes of the St. Tammany Parish Sheriffs Office. The Defendants were made aware that the information showing the false and misleading statements was found in their own discovery findings. They still refused to terminate the prosecution.

56. The criminal proceeding terminated in favor of the plaintiff when the assistant district attorney recommended the dismissal of charges against Quatrevingt and the court accepted the recommendation and dismissed the charges.[12]

[12] Correllas v. Viveiros, 410 Mass. 314, 318 (1991). "A dismissal of a criminal complaint by the court . . . entered by a district attorney satisfies the requirement that the criminal prosecution has been terminated in favor of the plaintiff." Sarvis v.XXXXXX Safe Deposit and Trust Co., 1994 WL 879797 (Mass.Super. 1994), citing Wynne v.Rosen, 391 Mass. 797, 800 (1984).

57. Defendants St. Tammany Parish and Sheriff Jack Strain are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff Quatrevingt request judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 6: MALICIOUS ABUSE OF PROCESS

58. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 57 above with the same force and effect as if herein set forth.

59. Defendants maliciously used a "legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'"[13]

[13] Carroll v. Gillespie, 14 Mass.App.Ct. 12, 26 (1982), quoting Jones v. Brockton Pub. Mkts., Inc., 369 Mass. 387, 389 (1975), quoting from Quaranto v. Silverman, 345 Mass. [423.] 426 (1963).

60. Defendants Officer Randy Thibodeaux and Officer Charlie Craddock issued false statements, under oath, in an affidavit to a magistrate in order to insure he received an arrest warrant without having actual probable cause. Officer Thibodeaux issued said statements in order to gain an advantage in receiving an arrest warrant.[14]

[14] A person may be liable for false imprisonment not only when the person's own acts directly impose a restraint upon the liberty of another but also when that person, by providing false information, causes such restraint to be imposed. Karjavainen v. Buswell, 289 Mass. 419, 427 (1935) (questioned on other grounds by Mezullo v. Maletz, 331 Mass. 233, 239-240 [1954]). Restatement (Second) of Torts s 37 (1965) ("If an act is done with the intent to confine another, and such act is the legal cause of confinement to another, it is immaterial whether the act directly or indirectly causes the confinement.)
Sarvis v. XXXXXX Safe Deposit and Trust Co., 47 Mass.App.Ct. 86, 97-98 (1999).

61. Officers Thibodeaux and Craddock knew that the complaint was groundless and he sought to use the process for an ulterior purpose, including, but not limited to, the purpose of aiding in his acquiring an arrest warrant and a search warrant.

62. Defendants St. Tammany Parish and Sheriff Jack Strain are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff Quatrevingt request judgment against all Defendants for injunctive relief and actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 7: FALSE ARREST AND IMPRISONMENT

63. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 62 above with the same force and effect as if herein set forth.

64. At all times relevant herein, (a) the Defendants acted with the intention of confining Quatrevingt within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Quatrevingt was conscious of the confinement.

65. Defendants Officer Thibodeaux and Officer Craddock imposed by force or threats an unlawful restraint upon his freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the St. Tammany Parish Jail where he was detained in a cell.

66. As a direct and proximate result of the conduct of the Defendants, Quatrevingt suffered harm and damages including but not limited to the aforesaid damages.

67. Defendants St. Tammany Parish and Sheriff Jack Strain are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff request judgment against all Defendants for injunctive relief and actual, special, compensatory damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 8: CONSPIRACY

68.. Quatrevingt repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 67 above with the same force and effect as if herein set forth.

69. All the Defendants (a) had an object to be accomplished; (b) had an agreement on the object or course of action; (c) performed one or more unlawful overt acts; and (d) caused Quatrevingt damages that were a direct result of those acts.

70. In furtherance of their object, defendants did two or more overt acts against the plaintiffs. Those unlawful overt acts include, but are not limited to, the following:

   (a) Randy Thibodeaux and Charlie Craddock lied regarding Quatrevingts registration and status thereof.

   (b) Randy Thibodeaux intentionally misrepresented to a magistrate judge that Quatrevingt was not registered and further that he had possessed child pornography.

(c) ADA Dearing and ADA Gardner knew that Thibodeaux had intentionally misrepresented facts regarding Quatrevingts registration and the possession and allowed such action to occur.

(d) ADA Dearing and ADA Gardner intentionally withheld this information at every pre-trial meeting and motion from the trial judge.

71. The defendants agreed that the object or course of action was to arrest, detain, and confine Quatrevingt without probable cause, and maliciously charge and prosecute him with crimes.

72. Defendants St. Tammany Parish and Sheriff Jack Strain are liable under the doctrine of respondeat superior.

73. Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff request judgment against all Defendants for injunctive relief and actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 9: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. Quatrevingt repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 73 above with the same force and effect as if herein set forth.

75. Defendants intentionally and deliberately inflicted emotional distress on Quatrevingt by maliciously prosecuting Quatrevingt, or by abusing the lawful process by unlawful purpose, or by violating Quatrevingt's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against Quatrevingt, or by interfering with Quatrevingts state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

76. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

77. The actions of the Defendants were the cause of Quatrevingts distress.

78. Quatrevingt is a reasonable man.

79. The emotional distress sustained by Quatrevingt was severe and of a nature that no reasonable man could be expected to endure.

80. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.[24]

[24] "Extreme and outrageous conduct is not required if the emotional distress resulted from the commission of another tort. American Velodur Metal, Inc. v. Schinabek. 20 Mass.App.Ct. 460, 470-471 (1985).

81. Defendants St. Tammany Parish and Sheriff Jack Strain are liable under the doctrine of respondeat superior.

82. As a result of the Defendants' extreme and outrageous conduct, Quatrevingt has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

To contact plaintiff, Kevin M. Quatrevingt please use the following

Kevin M. Quatrevingt
62114 Warrior Dr.
Lacombe, LA 70445

Home: 985-882-6412
Cell: 504-272-8033
Fax: 985-882-6412

WHEREFORE, Plaintiff request judgment, including interest, jointly and severally against all Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

Submitted by Kevin M. Quatrevingt , Plaintiff, Pro Se

985-882-6412

### PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

24 October 2010