UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN M. QUATREVINGT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4047** |
| **RANDY THIBODEAUX, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, ET AL.** | **SECTION: "N"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Kevin M. Quatrevingt, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. He named as defendants the Parish of St. Tammany, Sheriff Jack Strain, Detective Randy Thibodeaux, Detective Charlie Craddock, District Attorney Walter Reed, Assistant District Attorney Bruce Dearing, and Assistant District Attorney Scott Gardner. Plaintiff asserts various claims challenging the constitutionality of his arrest, detention, and prosecution in state criminal proceedings.

### I. Plaintiff's Allegations

In the complaint, plaintiff alleges that, on January 24, 2006, he pleaded guilty to possession of sixteen images of minors engaged in sexually explicit acts or poses and was sentenced to eight months of military confinement. He was released in October of 2006 and registered as a sex offender. After release, the evidence used in connection with his prosecution was returned to him. Although the returned property still included images of child pornography, he destroyed or deleted those images.

In early 2007 in connection with an investigation of the assault of a young girl, Detective Randy Thibodeaux obtained arrest and search warrants based on an allegation that plaintiff failed to register as a sex offender as required. During a search of plaintiff's residence, Thibodeaux and other officers confiscated photographs, notebooks, magazines, CD-Roms, and a laptop computer.

On May 7, 2007, plaintiff was charged with simple assault and failure to register as a sex offender. He was released on bond.

On October 5, 2007, Thibodeaux obtained another arrest warrant, this time alleging that plaintiff was in possession of child pornography. Plaintiff claims that Thibodeaux made factual misstatements and omissions to obtain the new warrant. Plaintiff was arrested on the new charge and was detained for more than a year. During that detention, plaintiff's attorneys met with Assistant District Attorneys Bruce Dearing and Scott Gardner to provide evidence purportedly showing that the charge of possession of child pornography was unfounded. However, Dearing and Gardner refused to dismiss the charge or lower the bond unless plaintiff agreed to plead guilty to the charge of failing to register as a sex offender. Plaintiff was finally released from jail on November 24, 2008, and the charges against him were dismissed on October 28, 2009.

## II. Motion to Dismiss

The Parish of St. Tammany Parish has filed a motion to dismiss the claim against it for failure to state a claim on which relief may be granted.[1]  See Fed.R.Civ.P. 12(b)(6). Plaintiff was

---

[1] Rec. Doc. 13.

ordered to respond to that motion on or before April 27, 2001;[2] however, he has failed to file a response or to oppose the motion in any manner.

In considering a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). That said, to survive such a motion, the plaintiff still "must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

With these standards in mind, it is apparent that the Parish's unopposed motion to dismiss should be granted for at least two reasons.

First, plaintiff has not alleged a proper Monell claim[3] against the Parish in this case. Regarding such claims, the United States Fifth Circuit Court of Appeals has held:

---

[2] Rec. Doc. 14.

[3] See Monell v. Department of Social Services, 436 U.S. 658 (1978).

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6. In the instant case, plaintiff has made no allegation whatsoever that the alleged violations in the instant case were caused by a policy or custom of the St. Tammany Parish government, much less identify such a policy.

Second, in any event, plaintiff *could not* allege a valid Monell claim against the Parish. As noted in the complaint, plaintiff named the Parish as a defendant based on an allegation that the Parish is the employer of, and therefore has authority over, Sheriff Strain, Detective Thibodeaux, and Detective Craddock.[4] However, that allegation is incorrect. "In Louisiana, a parish sheriff occupies a constitutional office which exists and functions independently of the governing body of

---

[4] Rec. Doc. 3, p. 2.

4

the parish. Thus, a parish government has no authority over a parish sheriff or, by extension, his deputies." Kraft v. Lee, Civ. Action No. 06-2846, 2006 WL 3395592, at *2 (E.D. La. Nov. 22, 2006) (citations omitted); see also Broussard v. Boudoin, Civ. Action No. 03-3040, 2004 WL 223984, at *1 (E.D. La. Jan. 29, 2004). Because the St. Tammany Parish government had no authority or control over Sheriff Strain or his deputies, the Parish cannot be held liable pursuant to Monell. Kraft, 2006 WL 3395592, at *2; Broussard, 2004 WL 223984, at *1.

For the foregoing reasons, the undersigned finds that the unopposed motion to dismiss should be granted and that the federal civil rights claims against the Parish of St. Tammany should be dismissed. Additionally, for the following reasons, it is also evident that the claims against the remaining defendants should likewise be dismissed.

### III. Mandatory Screening

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

5

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Although broadly construing plaintiff's complaint,[5] the undersigned finds that, for the following reasons, plaintiff's remaining claims should be dismissed as frivolous,[6] for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief.

### A.  Federal Civil Rights Claims Against District Attorney Walter Reed, Assistant District Attorney Bruce Dearing, and Assistant District Attorney Scott Gardner

Plaintiff has sued District Attorney Walter Reed, Assistant District Attorney Bruce Dearing, and Assistant District Attorney Scott Gardner.  For the reasons below, it is evident that plaintiff has failed to state nonfrivolous federal civil rights claims against those defendants in either their official or individual capacities.

---

[5] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[6] A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

### 1. Official-Capacity Claims

As to the claims against the prosecutors in their official capacities, those claims clearly fail. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Id. at 470. As explained above, to have an actionable claim against a local government entity, a plaintiff must allege that he was harmed by an official policy or custom of the entity and identify that policy or custom. Again, plaintiff does not even allege that the purported violations here were caused by an official policy or custom, much less identify such a policy or custom.

### 2. Individual-Capacity Claims

As to the claims against the prosecutors in their individual capacities, those claims are barred by their absolute prosecutorial immunity. Prosecutorial immunity protects them against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

### B.  Federal Civil Rights Claims Against Sheriff Jack Strain, Detective Randy Thibodeaux, and Detective Charlie Craddock

Plaintiff has also sued Sheriff Jack Strain, Detective Randy Thibodeaux, and Detective Charlie Craddock.  For the following reasons, it is evident that plaintiff has failed to state nonfrivolous federal civil rights claims against those defendants in either their official or individual capacities.

#### 1.  Official-Capacity Claims

Again, because an official capacity suit is in fact an action against the entity of which an officer is an agent, the official-capacity claims against Sheriff Jack Strain, Detective Randy Thibodeaux, and Detective Charlie Craddock are in reality claims against the local governmental entity they serve.  However, as previously noted, to have an actionable claim against a local government entity, the plaintiff must allege that he was harmed by an official policy or custom of the entity and identify that policy or custom.  Because plaintiff has not alleged that the purported violations here stemmed from an official policy or custom and identified such a policy or custom, his official-capacity claims should be dismissed.

#### 2.  Individual-Capacity Claims

Plaintiff has also asserted a number of individual-capacity claims against Sheriff Strain and Detectives Thibodeaux and Craddock.  However, for the following reasons, all of those claims fail.

##### a.  Illegal Search and Seizure, False Arrest, and False Imprisonment

Plaintiff asserts claims for illegal search and seizure, false arrest, and false imprisonment.  However, these claims accrued in 2007 when the search occurred and when plaintiff became

8

detained pursuant to legal process. See Wallace v. Kato, 549 U.S. 384 (2007); Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009); Shipp v. Richardson, Civ. Action No. 3:07CV-P693-S, 2008 WL 2358859, at *2 (W.D. Ky. June 7, 2008). Plaintiff thereafter had only one year to bring his claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Because plaintiff's federal complaint was not filed until 2010, more than three years after these claims accrued, the claims prescribed long before the instant lawsuit was filed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

### b.  Failure to Train and Supervise Claim

Plaintiff also claims that Sheriff Strain failed to properly train and supervise Detectives Thibodeaux and Craddock and, as a result, failed to prevent them from violating plaintiff's rights. However, again, the alleged violations occurred in 2007, and, therefore, this claim accrued at that time. Because it was not asserted until 2010, long after expiration of the one-year statute of limitations, it is likewise prescribed.

### c. Conspiracy Claims

Lastly, plaintiff also asserts a vague conspiracy claim under 42 U.S.C. § 1983. Even if this claim were not otherwise barred, plaintiff's allegations with respect to the claim are wholly conclusory. Conclusory allegations of conspiracy fail to state a § 1983 cause of action. Small v. Dallas County, Texas, 170 Fed. App'x 943 (5th Cir. 2006); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Brown v. Blaize, Civ. Action No. 08-3730, 2008 WL 3876573, at *2 n.2 (E.D. La. Aug. 20, 2008).

### C. State Law Claims

Plaintiff also asserts claims under state law for malicious prosecution, malicious abuse of process, false arrest, false imprisonment, conspiracy, and intentional infliction of emotional distress. However, if plaintiff's federal claims are dismissed as recommended, it is appropriate for the Court to decline to exercise supplemental jurisdiction over any of the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If he desires, plaintiff may attempt to assert his state law claims in state court.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the unopposed motion to dismiss, Rec. Doc. 13, be **GRANTED** and the federal civil rights claims against the Parish of St. Tammany be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that the federal civil rights claims against District Attorney Walter Reed, Assistant District Attorney Bruce Dearing, and Assistant District Attorney Scott Gardner be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief.

It is **FURTHER RECOMMENDED** that the federal civil rights claims against Sheriff Jack Strain, Detective Randy Thibodeaux, and Detective Charlie Craddock be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this second day of May, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.